**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE MONCREASE,

        Petitioner,                         No. C 07-2245 PJH (PR)

  vs.                                           **ORDER OF DISMISSAL**

STATE OF CALIFORNIA,

        Respondent.

       Petitioner, a California state inmate, has filed a petition for a writ of habeas corpus. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

       In his petition petitioner states that he did not appeal his probation revocation and that he has not filed any other petitions, applications or motions regarding it in any court. It is thus clear that he has not presented his claim to the highest state court available, the

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

1  Supreme Court of California.

2  Because it is clear from the face of the petition that petitioner has not exhausted, this
3  case is **DISMISSED** without prejudice to filing a new federal petition after available state
4  judicial remedies are exhausted.[2]

5  The clerk shall close the file.

7  **IT IS SO ORDERED.**

9  Dated: June 25, 2007.

PHYLLIS J. HAMILTON
United States District Judge

20  G:\PRO-SE\PJH\HC.07\MONCREASE245.DSM-EXH

---

[2] Petitioner should carefully note the possible application of the statute of limitations contained in 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the dates on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review, for instance a state habeas petition, is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2). The time a federal petition, such as this one, is pending is not excluded. *See Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001).

United States District Court
For the Northern District of California